OHLMAN, Trustee, Respondent, v. MAGNER, et al, Appellant.

(246 N. W. 298.)

(File No. 7301. Opinion filed January 16, 1933.)

*Orvis & French,* of Yankton, for Appellant.

*H. A. Doyle* and *Frank Biegelmeier,* both of Yankton, for Respondent.

POLLEY, J. The Milwaukee & St. Louis Distributing Company, to be hereafter referred to as the corporation, was organized under the laws of this state about the year 1905. The purpose of its incorporation was to do a general wholesale and retail liquor business in the city of Yankton. It engaged in and carried on such business until the 1st day of July, 1917, when the prohibition law went into effect. All the time said corporation was engaged in business the defendant M. R. Magner was secretary and treasurer thereof. He was also general manager of its business and had sole charge of all its business affairs and property of the company. He kept the accounts of the corporation, such as were kept, but never made any reports of the state of the business or had any settlement with the stockholders or officers of the corporation.

On or about the 8th day of September, 1926, in a certain action then pending in the circuit court of Yankton county, M. P. Ohlman, Jr., was appointed as trustee of said corporation. Thereafter plaintiff acting under the direction of the said court employed one William Guthrie to audit the books, records, and files of the corporation. Guthrie proceeded to make such audit and on its com-

pletion filed a report with the clerk of said court. This report showed that defendant had failed to account for $25,706.99 of the corporation's money and property. Thereafter on the 18th day of July, 1928, this action was commenced against defendant for a general accounting and the recovery of said sum of money.

As a second cause of action, it was alleged that for six years next prior to the commencement of the action defendant had occupied a room in a building owned by the corporation, that the value of said room was $10 per month amounting to $720, and asked judgment against defendant for that amount. This claim was not disputed and judgment was entered accordingly.

A trial was had on the other cause of action. Guthrie, the accountant, was a witness for plaintiff. The defendant had not kept a complete set of books or a systematic account of the business transacted for the corporation and some of the books and accounts kept by him had been lost. Some eight or nine years had intervened between the termination of any business by the corporation and the audit by Guthrie, and he had difficulty in assembling sufficient data upon which to base his report. He obtained the greater part of his data from a certain book of account kept by defendant and designated in the record as "Exhibit G," but this was supplemented by certain income tax returns found among defendant's old papers. While on the stand Guthrie admitted errors in his report to the extent of $7,361.21 in defendant's favor. This reduced defendant's apparent shortage to $16,678.33. During the course of the trial other items appeared aggregating $11,153.08 for which the Guthrie audit did not give defendant credit, but for which the court found he was entitled to credit. This reduced the amount of the claim to $5,525.25. To this the $720 for room rent was added, making a total of $6,245.25, and for which amount judgment was allowed.

During all the time the corporation was in business it owned a business building in the city of Yankton. It also owned a quarter section of land. During all the time the corporation was in business there was a mortgage on the business building for $5,000. During all of said time the corporation owed one of the banks in Yankton a sum of money ranging from $1,800 to $3,500. Defendant paid the taxes on these properties and also paid interest on

these debts. The Guthrie audit gave defendant credit for certain sums paid as taxes, and also for certain sums paid as interest on said debts, but not as much in either case as defendant claims he should have and defendant requested two findings of fact as follows:

"1. The defendant, M. R. Magner, as secretary and treasurer of Milwaukee & St. Louis Distributing Company, paid taxes upon the property of said company for the years 1909 to 1917, inclusive, in excess of amounts credited to him in the report of William Guthrie, in the sum of $2318.69. He should be given credit therefor.

"2. The defendant, M. R. Magner, as secretary and treasurer of Milwaukee & St. Louis Distributing Company, paid interest upon debts of said company, during the years 1909 to 1917, inclusive, in excess of amounts credited to him in the report of William Guthrie, in the sum of $3357.87. He should be given credit therefor."

The Guthrie report was not correct in all particulars, and with the material he had at hand, it would probably have been impossible for any one to have arrived at a correct report. But the trial court had all the available evidence before it, as well as all the parties and all the witnesses. There is evidence in the record to show that large sums of money (more than $100,000) belonging to the corporation went into the hands of the defendant, that, so far as any book or account produced by him or any testimony given by him shows, was not satisfactorily accounted for. He had the burden of showing what disposition he had made of the money and property that came into his hands. Some of the money unaccounted for may have been used to pay taxes and interest, and he does not claim to have used money other than that of the corporation for that purpose.

We do not feel warranted in disturbing the findings and conclusions of the trial court.

The judgment and order appealed from are affirmed.

RUDOLPH, P. J., and ROBERTS and WARREN, JJ., concur.

CAMPBELL, J., concurs in result.